Learned, P. J.
This case shows the evil of departing from the ordinary course of practice.
Carr sued Smith in justices’ court for trespass of, cattle on his land.
Smith sued Carr in the same court for a similar cause of action.
Both actions were returnable the same day; the former in the morning, the latter in the afternoon. On the adjourned day for trial, according to the return of the justice in the action above entitled, the case of Smith v. Carr was, by consent of counsel, merged into and brought as an offset, in the action of Carr v. Smith, and both actions were tried as one.
A verdict of no cause of action was rendered. Carr appealed to the county court.
Among the papers there appears a motion in the county court to amend the answer, and it purports to be granted. Smith claims that this order was only in the nature of an order for a further return from the justice setting up the complaint in the Smith case as part of the answer in the Carr case.
We must, however, take the actual return of the justice. That states that Smith, in her answer, claimed to have a set-off of $75, for which she claimed judgment.
When the case came on for a new trial, in the county *468 court, that court excluded all evidence on defendant’s part of trespasses committed by plaintiff. The defendant excepted.
Now it seems plain that, in the justices’ court, the parties practically gave up the Smith case as an independent cause •of action and agreed to use it as a set-off or defense in the Carr case. As the justice says, the Smith case was “ merged.” If the appeal to the county court had not demanded a new trial, there would be less difficulty. The consent of the parties would have shown that the justice •committed no error.
But the difficulty is to determine how far this consent of parties controls the admission of evidence in the county court.
Ordinarily, of course, a mere admission of improper evidence in the justices’ court by consent, would not compel its admission in the county court. But here there is more. The parties agreed practically to give up the Smith case and try its cause of action as a defense in the Carr case. We must treat this as making an arbitration of the two actions or else we must consider the agreement as binding upon the county court in the new trial. Otherwise a great wrong will be done to Smith. Her own action is lost and she is precluded from using the claim as a set-off.
The case is not free from difficulty. The agreement to try the two cases as one, though apparently wise, has proved to be injudicious. More trouble and expense have been made than would have followed the due and orderly course of practice.
Upon the whole, with some hesitation, we think that justice would best be done by holding the parties in the county court to the agreement made in the justices’ court, and by deciding that the defendant may prove in the county court whatever she might, according to consent of counsel, have proved in support of her own claim as a defense or offset in the justice’s court.
Precisely what her alleged claim was in the justice’s court, does not appear by the return. It may, perhaps, appear in the order of the county court. If not, a further return may be necessary. On that, we decide nothing. But we think that the defendant should be allowed to prove in the county court by way of defense or off-set, such facts as by consent of counsel, she was allowed to prove under her answer in the justice’s court.
Cost of appeal to abide the event.
Landón and Ingalls, JJ., concur.